UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**
46548
Morton & Craig LLC
John R. Morton, Jr., Esq.
110 Marter Avenue
Suite 301
Moorestown, NJ 08057
856-866-0100
Attorney for Credit Acceptance Corporation

In Re:

CHRISTOPHER BAILEY
JUDITH BAILEY

Order Filed on July 25, 2018
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No.: 16-22255

Adv. No.:

Hearing Date: 7-5-18

Judge:  VFP

# ORDER FOR MONTHLY PAYMENTS AND STAY RELIEF UNDER CERTAIN CIRCUMSTANCES

The relief set forth on the following pages, numbered two (2) is hereby **ORDERED**.

**DATED: July 25, 2018**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

**Christopher and Judith Bailey**
**16-22255(VFP)**
**Order Providing for Monthly Payments for Stay Relief under Certain Circumstances**
**Page 2**

This matter having been brought on before this Court on motion for stay relief filed by John R. Morton, Jr., Esq/, attorney for Credit Acceptance Corporation, with the appearance of David Stevens, Esq. on behalf of the debtors, and this order having been filed with the Court and served upon the debtors and their attorney under the seven day rule with no objections having been received as to the form or entry of the order, and for good cause shown;

IT IS ORDERED:

1. That Credit Acceptance Corporation is the holder of a first purchase money security interest encumbering a 2010 Mazda Mazda3 bearing vehicle identification number JM1BL19G6A1137598 (hereinafter the "vehicle").

2. **Curing arrears:** At the hearing, including the 7-2-18 payment, the debtors were $662.31 in arrears to Credit Acceptance. To cure arrears, the debtors shall make the 7-2-18 payment immediately and cure the balance of the arrears over three months at $384.83, beginning on 8-2-18. If the debtors fail to make any payment for a period of 30 days after it falls due (being the 2nd day of each month), Credit Acceptance Corporation shall receive stay relief to repossess and sell the vehicle by filing a certification of nonpayment and serving it upon the debtors and their attorney.

3. After curing arrears, the debtors shall make all retail installment contract payments to Credit Acceptance Corporation when due, being the 2nd day of each month. In the event the debtors fail to make any payment for a period of 30 days after it falls due, Credit Acceptance Corporation shall receive stay relief to repossess and sell the vehicle by filing a certification of nonpayment and serving it upon the debtors and their attorney.

4. The debtors shall maintain insurance on the vehicle in accordance with the terms of the retail installment contract. In the event of a lapse of insurance for any period of time without intervening coverage, Credit Acceptance Corporation shall receive stay relief to repossess and sell the vehicle by filing a certification that insurance has lapsed with the court and serving it upon the debtors and their attorney.

5. The debtors shall pay to Credit Acceptance Corporation through the plan, a counsel fee of $531 which shall be paid by the trustee as an administrative priority expense.